967 So.2d 394 (2007)
SCHOOL BOARD OF LEVY COUNTY, Appellant,
v.
Juanita TERRELL, Appellee.
No. 1D07-0300.
District Court of Appeal of Florida, First District.
October 19, 2007.
Lisa J. Augspurger, of Bush, Augspurger & Lynch, P.A., Orlando, for Appellant.
Carla D. Franklin, Gainesville, for Appellee.
PER CURIAM.
The School Board of Levy County appeals a writ of mandamus directing the reinstatement of a teacher with back pay. Because the teacher did not have a clear legal right to reinstatement, mandamus will not lie and we reverse.
Juanita Terrell became a classroom teacher in the public schools of Levy County on August 12, 1985. Beginning in 1988 and continuing through 2001, she received one-year professional service contracts as a classroom teacher. A teacher with a "professional service contract" has a continuing right to employment and can not be dismissed or have her contract not renewed unless it is established that the teacher's performance is unsatisfactory. § 1012.33(3)(e), Fla. Stat. (2005).
In 2001, Ms. Terrell accepted a promotion to assistant principal and signed an annual administrator's contract titled "Contract of Employment of Supervisors and Principals." She continued under these contracts each year up to and including the 2004-05 school year.
The "Contract[s] of Employment for Supervisors and Principals" provided that neither party "owes any further contractual obligation to the other after [June 30, 2005], and that no expectancy of re-employment may be derived from the execution of [sic] performance of this agreement." It also stated: "This contract shall at all times be subject to any and all laws, and all lawful rules, regulations, or policies now existing or hereafter enacted." (Emphasis supplied.)
The School Board of Levy County had a policy, contained in section 6.08(2)(c-d) of its rules, providing that a teacher under a professional service contract who later became a supervisor or principal would be entitled to reassignment to a teaching position if his or her contract as a supervisor *396 or principal was not renewed. This policy was repealed on February 2, 2005, in a lawfully noticed and public meeting of the school board.
On April 25, 2005, the superintendent of schools informed Ms. Terrell, by letter, that her contract as assistant principal would not be renewed after its expiration date.
The trial court issued a writ of mandamus commanding the school board to reinstate Ms. Terrell to a position as a classroom teacher with full benefits and back pay. In its order, the court found that "the change to Rule 6.08 to delete Rule 6.08(2)(c) and Rule 6.08(2)(d) . . . was so profound and affected such a slight number of people that it literally required personal notice of the proposed change to [Ms. Terrell]," and that the evidence did not show that Ms. Terrell was aware that she was at risk of losing her employment because she was placed on a Professional Development Plan.
It should be noted that the reasons expressed by the trial court for issuing a writ of mandamus were not raised or argued by Ms. Terrell's counsel below. Because the basis for the trial court's ruling could not be supported by law, the appellee, through counsel, abandoned these reasons on appeal.
Instead, the appellee argues that we should affirm on the theory argued at trial, to wit, that the school board repealed rules 6.08(2)(c) and (d) such that they applied retroactively to Ms. Terrell. Ms. Terrell contends that she had every right to, and in fact relied upon, the right created by these rules to be reinstated as a classroom teacher.
However, the plain language of her contract belies any legal reason to rely on the continuation of rules 6.08(2)(c) and (d) as part of her contract where the contract expressly provides that it is subject to laws and rules "now existing or hereafter enacted."
Therefore, in the absence of a clear legal right to reinstatement as a classroom teacher, mandamus will not lie. We REVERSE.
DAVIS, LEWIS, and ROBERTS, JJ., concur.